PER CURIAM.
The appellant sought a declaratory judgment as to its status under a lease agreement with the appellees. The appellant was the original lessee under the agreement; it assigned the lease without reservation to a third party. The third party defaulted on payment of rent, and defaulted under other covenants in the lease as well. Appellant contended in the trial court that it was entitled to be considered as having received a reversion of the leasehold premises, and entitled to possession upon the payment of current rent only. The trial court found as follows:
* * * * * *
“The undisputed facts reveal that on March 1, 1971, and thereafter, the lease was in default for non-payment of rent, that defendant provided appropriate notices of default to plaintiff’s assignee, the tenant then in possession, as well as to plaintiff and that said rent defaults were never properly cured by this plaintiff or any other party. The subsequent adjudication of bankruptcy of plaintiff’s assignee was a further default under the lease documents and manifestly the claim of defendants in the bankruptcy proceeding does not in any manner constitute a waiver of these defaults. The undisputed record further reveals that defendants have neither received nor has plaintiff tendered to them rent for the months of March through August, 1971, at $1,785.33 per month, and tenders of rent by plaintiff to defendants for the last twenty-three days of September and for October, 1971, were rightfully rejected by defendants.
“Additionally, the lease documents require that a business be operated on the demised premises and that such business remain open daily and that the lease documents provide for the payment of percentage rent. The business operated on the premises was closed on May 1, 1971, and has remained closed since that date. Manifestly, the defendants have suffered and are suffering irreparable damage and injury each day that the leased premises remain closed and in view of the several events of default, some of which are noted herein, it would be unconscionable to permit this plaintiff to obtain any further rights under the lease in question since the record demonstrates that this plaintiff, having full knowledge of events of default, made no effort to remedy any defaults which were within the power of this plaintiff to cure.”
******
On this appeal, appellant urges (1) equity abhors a forfeiture; (2) a claim for rent under the lease in the bankruptcy court was an affirmance of the lease and a waiver of the forfeiture; (3) the forfeiture is ineffective because a one month security deposit was held. We have examined the record in the light of each of the contentions, and without passing upon their accuracy as statements of the law, we find that they do not afford a basis for a reversal of the trial judge in an absence of a showing that the findings of the trial judge are not supported by the evidence or that he misapplied the existing law to the facts.
Affirmed.